IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------------X

BETTY'S BEST, INC.,

                Plaintiff,

  -against-

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

                Defendants.

------------------------------------------------------------------------X

Civil Action No.: 1:24-cv-07884

Judge: Thomas M. Durkin
Magistrate Judge: Jeffrey T.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Jacob Chen, Esq.
DGW Kramer LLP
45 Rockefeller Plaza, 20th Floor
New York, 10111

Defendants Nos. 218 (invaluablte.com), 229 (ortasthard.com), 236 (relstidvtion.com), 244 (sutcalibrat.com), 248 (toknforaerd.com), 251 (transmissioni.com), 254 (wedgcatious.com), 221 (lirecteracy.com), 230 (outerimoest.com), 247 (tematically.com), 220 (invisiblen.com), 182 (alongsidem.com), 187 (backgroundi.com), 224 (nicebelie.com), 226 (niowatchted.com), 223 (metallicn.com), 255 (well-infacemall.com), collectively "Defendants" by and through their undersigned counsel, move by and through their attorneys Jacob Chen and DGW Kramer LLP, respectfully (collectively "Defendants") by and through their attorneys Jacob Chen and DGW Kramer LLP, respectfully submit this memorandum of law in support of Plaintiffs' motion to dismiss.

I. **THE CLAIMS AGAINST DEFENDANTS MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(4)**

Pursuant to Fed. R. Civ. P. Rule 12(b)(4), an action must be dismissed if the service of process on the defendants is insufficient.

The service of process on Defendants was insufficient because Defendants were served by e-mail.

Defendants are Chinese entities. China is a signatory to the Hague Convention. The Hague Convention permits certain forms of service. By its plain language and structure, a form of service not explicitly permitted under the Hague Convention is therefore barred unless agreed to by the subject Country. China has not agreed to service via e-mail and therefore a Chinese entity cannot be served via e-mail.

In addition, the Hague Convention allows service via "postal channels" pursuant to Article 10 unless a country expressly objects to such service. To the extent that service via e-mail is allowed, it can only be allowed if it is understood to be a subset of service via "postal channels." However China has expressly objected to allowing service in China via postal

channels, and therefore service via e-mail is not allowed under Article 10 of the Hague Conventions either.

Lastly, service via e-mail is forbidden as China has expressly stated that service via e-mail is forbidden pursuant to China's objections of permitting service in China via postal channels.

For these reasons, service of process on Defendants have not been sufficient and this action must be dismissed.

### A. Fed. R. Civ. P. Rule 4(f)(1) Mandates that Service be Performed by "Internationally Agreed Means of Service"

Fed. R. Civ. P. Rule 4(f) provides:

"Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
   (C) unless prohibited by the foreign country's law, by:
      (i) delivering a copy of the summons and of the complaint to the individual personally; or
      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders."

Both China and the United States are "Contracting States" of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").[1]

Therefore service on a Defendant in China, in compliance with Fed. R. Civ. P. Rule 4(f)(1), must be performed "by any internationally agreed means of service" must be in compliance with the Hague Convention.

Service on a Defendant in China, in compliance with Fed. R. Civ. P. Rule 4(f)(3), only permits service via a form "not prohibited by international agreement."

### B. The Hague Convention Does Not Allow for Service by E-Mail Unless the Country in Question Permits It

The language and structure of the Hague Convention outlines a number of specific methods of service which are expressly permitted, and creates a system which allows countries to voluntarily agree to certain other additional means of service.

Article 2 of the Hague Convention provides:

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6. Each State shall organise the Central Authority in conformity with its own law.

Article 3 of the Hague Convention provides:

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 5 of the Hague Convention provides:

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

---

[1] *See* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad.

> b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
>
> Subject to sub-paragraph (b) of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily. If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed. That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 8 of the Hague Convention provides:

> Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents. Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9 of the Hague Convention provides:

> Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose. Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10 of the Hague Convention provides:

> Provided the State of destination does not object, the present Convention shall not interfere with –
> a) the freedom to send judicial documents, by postal channels, directly to persons abroad[2],
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Article 11 of the Hague Convention provides:

> The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of

---

[2] China opted out of Section (a) of Article 10 by filing an objection. *See* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad.

> transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

Article 14 of the Hague Convention provides: "Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels."

Article 19 of the Hague Convention provides:

> To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

*See* https://www.hcch.net/en/instruments/specialised-sections/service.

The plain texts of the Hague Convention make it very clear how the Hague Convention is structured. First, the authorized method of service of process is specified under Article 5 by service through a "Central Authority" designated pursuant to Article 3 in each "Contracting State." *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 275, 137 S. Ct. 1504, 1508 (2017) (finding that "[t]he primary innovation of the Hague Service Convention…is that it "requires each state to establish a central authority to receive requests for service of documents from other countries"); *see Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022).

Second, each "Contracting State" is only permitted to allow additional methods of service specified under Article 8 (service through diplomatic and consular agents), Article 9 (service through consular channels), Article 10 (service through postal channels and judicial officers), and Article 11 (other methods of service mutually agreed upon) upon other Contracting States that opt in or do not opt out of these Articles. *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 275–76, 137 S. Ct. 1504, 1508 (2017); *see Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022); *see Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020).

Third, any difficulties in connection with the service of process must be "settled through diplomatic channels" pursuant to Article 14.

Fourth, Article 19 allows a "Contracting State" the option to unilaterally permit additional methods of service of process "coming from abroad," but no Article allows any "Contracting

State" the option to unilaterally permit additional methods of service of process "going abroad." *See Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020).

Accordingly, the only "other means" of service of process "not prohibited by [the Hague Convention]" that a court may order pursuant to R. Civ. P. Rule 4(f)(3) is limited to means of service allowed under Article 8, Article 9, Article 10, Article 11 and Article 19.

The Hague Convention is *not* drafted in a way to allow all possible methods of service by default, and then "prohibit" specific types of methods of service.

Rather the Hague Convention is drafted such that email service is prohibited *unless* the Country in question permits it under Article 11.

### C. Courts in the United States May Not Permit Service in a Manner Inconsistent with Federal Treaty

To the extent that Plaintiff argues that service via email is permitted under Fed. R. Civ. P. Rule 4(f)(3), "Rule 4 [cannot] authorize service of process in … a manner inconsistent with a federal treaty." *Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 100 F.R.D. 775, 777–78 (M.D. La. 1984) (explaining that "[b]ecause the Hague Convention is specific as to how service is to be made in a foreign country and the Federal Rules are general and designed to cover all circumstances, the Court finds that the provisions of the Hague Convention must control the manner of service" in an action where the Hague Convention applies); *see Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1394 (S.D.N.Y. 2022) ( "Articles 11 and 19 provide ready tools to permit countries to expressly permit service by email. And those articles would be largely superfluous if litigants could serve a party in another country merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services.").

To the contrary, the organization of the Hague Convention is to designate specific methods of service that all "Contracting States" agreed to (Article 5), and then designate additional methods of service that the Contracting States may opt in and opt out (Articles 8 to 11). *See Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 983 (N.D. Cal. 2020) (explaining

7

that "the Convention's structure…enumerates particular methods for serving documents abroad" and the Convention's text "states that the Convention 'shall apply in all cases…where there is occasion to transmit a…document for service abroad," and therefore "[t]he Convention…doesn't simply offer…options that plaintiffs can resort to or not at their discretion…[r]ather, **the Convention-delineated methods of service…are exclusive**") (emphasis added).

Therefore, by definition the Hague Convention prohibits all other methods of services not referenced. *See e.g. Water Splash, Inc. v. Menon*, 581 U.S. 271, 273, 137 S. Ct. 1504, 1507 (2017) (holding that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies"); *Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6 (S.D.N.Y. 2023) (stating that "[o]mission of a particular method of service from the Convention cannot be read to implicitly authorize that method"); *see Luxottica Group S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 825 (N.D. Il. 2019) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S. Ct. 2104, 2107–08 (1988) ("**The Supreme Court has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text**") (emphasis added); *see Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*, 2019 U.S. Dist. LEXIS 178264, *3 (M.D. Fla. 2019) (concluding that "the Hague Convention's silence on a method of service does not make it permissible").

As China has *not* consented to service via e-mail, it is therefore impermissible for a party located in China to be served via email.

**D. China has Objected to Service via Postal Channels which Extends to E-Mails**

In addition, not only has China *not* consented to service via e-mail China has *specifically objected* to service via e-mail through its objections to service via postal channels.

As mentioned, Article 10 of the Hague Convention allows for service "by postal channels" so long as the "State of destination does not object." China has opted out of Section (a) of Article 10 by filing an objection. See https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad.

Consequently, there are many well-reasoned precedents across districts holding that therefore service in China via e-mail is prohibited.


that "the Convention's structure…enumerates particular methods for serving documents abroad" and the Convention's text "states that the Convention 'shall apply in all cases…where there is occasion to transmit a…document for service abroad," and therefore "[t]he Convention…doesn't simply offer…options that plaintiffs can resort to or not at their discretion…[r]ather, **the Convention-delineated methods of service…are exclusive**") (emphasis added).

Therefore, by definition the Hague Convention prohibits all other methods of services not referenced. *See e.g. Water Splash, Inc. v. Menon*, 581 U.S. 271, 273, 137 S. Ct. 1504, 1507 (2017) (holding that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies"); *Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6 (S.D.N.Y. 2023) (stating that "[o]mission of a particular method of service from the Convention cannot be read to implicitly authorize that method"); *see Luxottica Group S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 825 (N.D. Il. 2019) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S. Ct. 2104, 2107–08 (1988) ("**The Supreme Court has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text**") (emphasis added); *see Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*, 2019 U.S. Dist. LEXIS 178264, *3 (M.D. Fla. 2019) (concluding that "the Hague Convention's silence on a method of service does not make it permissible").

As China has *not* consented to service via e-mail, it is therefore impermissible for a party located in China to be served via email.

**D. China has Objected to Service via Postal Channels which Extends to E-Mails**

In addition, not only has China *not* consented to service via e-mail China has *specifically objected* to service via e-mail through its objections to service via postal channels.

As mentioned, Article 10 of the Hague Convention allows for service "by postal channels" so long as the "State of destination does not object." China has opted out of Section (a) of Article 10 by filing an objection. See https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/hague-convention-service-abroad.

Consequently, there are many well-reasoned precedents across districts holding that therefore service in China via e-mail is prohibited.

In *Luxottica Group S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816 (N.D. Ill. 2019), the plaintiff commenced a Schedule A case alleging trademark infringement against several Chinese entities. As this Court held in that case, "[b]ecause email would bypass the methods of service the Hague Convention authorizes, the Convention preempts it as inconsistent." However in addition, the Court also held that "Courts generally approach the problem of email service through the prism of Article 10(a)," that China has objected to service via postal channels, and therefore "China's objections likewise preclude email service." For this reason, this Court held that service upon the Chinese defendants was improper as it was done via e-mail.

Likewise in *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1393 (S.D.N.Y. 2022), plaintiff was a "global entertainment company" that brought infringement actions against a number of companies including defendants located in China. In a lengthy, and well reasoned opinion, the District Court noted that many Courts have held "Articles 11 and 19 of the Convention provide some support to the wholesale preclusion of email as a method of service." The District Court also noted that it "need not determine" whether the Hague Convention precludes email entirely because *in addition*, China has objected to service via postal channels and therefore this "necessarily encompass an objection to service via email."

The District Court in *Smart Study* cited to "[r]ecent guidance posted by Supreme People's Court of China" which left "little doubt that China's objection to service by mail would encapsulate service by email." Specifically Article 11 of the Minutes of the National Symposium on Foreign-related Commercial and Maritime Trial Work, which provided guidance for Chinese courts serving litigants outside of China state: "In the event that the country where the person to be served is located is a member state of the Hague Service Convention and objects to the service by mail under the Convention, it shall be presumed that the country does not allow electronic service, and the people's court shall not adopt electronic service." *Id* at 1395.

Many other District Courts have issued similar length, well reasoned decisions. *See e.g. Thus, Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408, *6–7 (S.D.N.Y. 2023) (holding that "service via email and online publication is prohibited by [the Hague Convention] and is impermissible under Rule 4(f)(3)"); *Schluter Sys., L.P. v. Sanven Corp.*, 2023 U.S. Dist. LEXIS 3069, *19 (N.D.N.Y. 2023) (holding that "[a]s this Court has determined that the Hague

9

Convention does not permit service by email on Chinese Foreign Nationals, email service is barred by Rule4(f)(4) because it is 'prohibited by international agreement'"); *Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.*, 2023 U.S. Dist. LEXIS 102843, *11 (S.D.N.Y. 2023) (concluding that "*Smart Study* offers the correct interpretation of the Hague Convention in light of recent Supreme Court precedent," *i.e.*, that service of process by email is prohibited under the Hague Convention); *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022) (holding that "service by email on defendants located in China is not permitted under the Hague Convention"); *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 987 (N.D. Cal. 2020) (holding that "service by email on the China-based defendants…cannot be authorized under Rule 4(f)(3)"); *Sales v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 417 (N.D. Tex. 2020) (holding that email service is "proscribed by the [Hague] Convention because it is inconsistent with the Convention's authorized service methods"); *Night Owl SP, LLC v. Dongguan Auhua Elecs. Co.*, 2019 U.S. Dist. LEXIS 178264, *4 (M.D. Fla. 2019) (holding that "although [the plaintiff] has shown that emails to be identified email addresses are likely to provide actual notice, they are improper methods of service" under the Hague Convention and therefore impermissible under Fed. R. Civ. P. Rule 4(f)(3)); *CRS Recovery, Inc. v. Laxton*, 2008 U.S. Dist. LEXIS 137363, 2008 WL 11383537, at *2 (N.D. Cal. Jan. 8, 2008) (concluding that "[a]n order allowing email service on a defendant located in China would contravene the treaty, and is not permitted under Rule 4(f)(3)"); *Xianfeng Wang v. P'ships & Unincorporated Organizations in Schedule A*, No. 8:23-cv-2787-VMC-AAS, 2024 U.S. Dist. LEXIS 191419, at *8 (M.D. Fla. Oct. 22, 2024) ("In short, service by email upon the China-based Defendants is prohibited by the Hague Convention. Thus, email service is not proper here under Rule 4(f).")

### E. China has Explicitly Stated that Its Objection to Postal Service Extends to Service via E-Mail

Furthermore as mentioned Fed. Civ. P. Rule 4(f)(3) only permits service by other means "not prohibited by international agreement."

As noted in *Smart Study*, guidance posted by Supreme People's Court of China left "little doubt that China's objection to service by mail would encapsulate service by email."

10

In addition, attached as Exhibit A is a notice from the Ministry of Justice of the People's Republic of China, dated March 30, 2023 stating that: "According to China's Civil Procedure Law, a foreign judicial body or individual cannot directly serve documents to a person within China. Such requests should be submitted through the channels specified by treaties or through diplomatic channels, to the Ministry of Justice or the Ministry of Foreign Affairs, for the People's Court of China to serve on their behalf. When China joined the Hague Service Convention, it reserved the right under Article 10, which prohibits serving documents by mail within its territory."

Therefore even if the Hague Convention was that any method of service is permitted unless specifically objected to (a reading which as discussed at length *supra* contradicts the language and structure of the Hague Convention, as held by many well reasoned decisions of many courts including those within the Northern District of Illinois), as shown in Exhibit A, China has specifically objected to service by postal channels and has explicitly stated that this is intended to also encompass service via e-mail.

### F. The Court's Prior Decision on Plaintiff's *ex parte* Application was Determined Without Benefit of Opposition

Even though this Court previously granted Plaintiff's *ex parte* application to serve process by email, Defendants respectfully submit that the Amended Complaint must be dismissed for insufficient service pursuant to Fed. R. Civ. P. Rule 12(b)(4). *See Luxottica Group S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827–28 (granting the defendants' motion to dismiss on the ground that service of process by email was prohibited by the Hague Convention, even though the court had previously granted the plaintiff's *ex parte* motion to serve the defendants by email; reasoning that the order granting the plaintiff's *ex parte* motion "does not withstand scrutiny under full adversary briefing").

### CONCLUSION

Wherefore for these reasons, Defendants respectfully ask that the Court to dismiss the action against them pursuant to Fed. R. Civ. P. Rule 12(b)(4), accordingly.

Dated: New York, New York
December 10, 2024

                                              Respectfully Submitted,

                                        By: /s/ Jacob Chen
                                                  Jacob Chen, Esq.
                                          DGW KRAMER LLP
                                          45 Rockefeller Plaza; 20th Floor;
                                          New York, NY 10111
                                          Tel: (917) 983-2806
                                          Fax: (917) 633-6183
                                          Email: jchen@dgwllp.com