UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 1:24-cv-07884

BETTY'S BEST, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, BETTY'S BEST, INC. ("Betty's Best" or "Plaintiff"), submits this Opposition to the Motion to Dismiss filed by Defendants Numbered 218 (invaluablte.com), 229 (ortasthard.com), 236 (relstidvtion.com), 244 (sutcalibrat.com), 248 (toknforaerd.com), 251 (transmissioni.com), 254 (wedgcatious.com), 221 (lirecteracy.com), 230 (outerimoest.com), 247 (tematically.com), 220 (invisiblen.com), 182 (alongsidem.com), 187 (backgroundi.com), 224 (nicebelie.com), 226 (niowatchted.com), 223 (metallicn.com), 255 (well-infacemall.com) (collectively, "Defendants") [ECF No. 74], and in support states as follows.

    I.    **INTRODUCTION**

Plaintiff, BETTY'S BEST, INC. ("Betty's Best" or "Plaintiff"), brought the present action against the Defendants identified on Schedule "A" to the Complaint for federal trademark counterfeiting and infringement, copyright infringement, patent infringement, and violations of the Digital Millenium Copyright Act. As alleged in Plaintiff's Complaint, Defendants are selling

unauthorized products that bear or use direct copies or derivatives of Plaintiff's trademarks, copyrights, and design patent through various fully interactive commercial e-commerce stores identified in Schedule A to the Complaint (the "Defendant Internet Stores").

On September 3, 2024, this Court granted Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 17). The TRO authorized Plaintiff to "provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties or identified by the Defendants on the Defendants' e-commerce stores." (Id. at 7). The Court further concluded that "[t]he combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections." (Id.).

Plaintiff served the Defendants pursuant to the Court's Order on September 20, 2024. See ECF No. 30-1. Plaintiff moved to convert the TRO to a preliminary injunction on September 27, 2024. (ECF No. 25). The Defendants did not file any opposition, nor did they attend the telephone status hearing held on October 1, 2024. See ECF No. 32. On October 2, 2024, the Court entered a Preliminary Injunction against certain defendants including the Defendants at issue. (ECF No. 35). Defendants then waited more than two months to challenge the propriety of the service of process, filing their Motion to Dismiss on December 10, 2024. (ECF No. 74).[1]

---

[1] In the interim, Defendants filed a motion for an extension of time to answer the complaint on November 19, 2024 (ECF No. 61), which was granted by the Court that same day (ECF No. 62).

Defendants now ask to be dismissed for lack of personal jurisdiction. But Defendants were duly served consistent with this Court's Order. What Defendants are actually asking this Court to do is to reconsider its prior decision and find that alternate service of process is improper, a full four months after the fact. Defendants' untimely motion does not meet the standard for such relief. Even considering Defendants' arguments against electronic service on Chinese defendants, they are unavailing and contrary to the findings of this Court, other courts in this District, and district courts across the United States in cases factually similar to this one. Service on Defendants was proper. The Motion should be denied in its entirety.

II. ARGUMENT

A. **Defendants Fail to Meet the Requirements Under Rule 60 for the Court to Modify or Set Aside the Preliminary Injunction Which Includes Authorization of Alternate Service of Process**

Defendants argue that the method of service of process authorized by the Court in the TRO, later converted to the Preliminary Injunction, was improper. Defendants had ample opportunity to oppose the entry of the Preliminary Injunction and yet never did. What they are asking this Court to do is to reconsider its decision. See *Porter v. Sa Scott USA, Inc*., No. 23 C 1328, 2023 U.S. Dist. LEXIS 209919, at *5 (N.D. Ill. Nov. 22, 2023) (noting that although the defendant moved to dismiss for insufficient service, "[i]n effect, SRS asks this Court to reconsider its prior ruling granting alternative service.").

Rule 60(b) enumerates six reasons under narrow circumstances for relief from a judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Cook Cty. v. Texas*, 37 F.4th 1335, 1344 (7th Cir. 2022) (noting that Rule 60(b) provides relief from a final judgment or order "in a narrow set of circumstances"). "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Say. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

This Court recently noted in an analogous case that "the decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Porter v. Sa Scott USA, Inc.*, No. 23 C 1328, 2023 U.S. Dist. LEXIS 209919, at *5 (N.D. Ill. Nov. 22, 2023) citing *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016). Just like in this case, in *Porter*, the Taiwanese defendant's motion to dismiss turned on an insufficient service of process argument, months after the Court had granted leave for alternative service under Rule 4(f)(3). *Id.* at *5. Having previously found alternate service appropriate, this Court determined it had committed "no manifest error of law that warrants reconsideration." *Porter*, No. 23 C 1328, 2023 U.S. Dist. LEXIS 209919, at *5.

Here, Defendants' Motion fails to meet the requirements under Rule 60(b). Defendants do not argue that the Court committed a manifest error of law. Defendants do not explain their delayed action: no mistake, surprise, or excusable neglect; no newly discovered evidence; no allegations of fraud; no claim that the order is void; no claim that a judgment has been satisfied. Defendants' arguments are purely legal arguments that fail to meet the requirements under Rule 60. Thus, Defendants' Motion must be denied. However, Plaintiff will address Defendants' arguments below and discuss why Defendants are not entitled to the relief they seek.

**B. This Court Has Previously Found that Service of Process by Publication and Email is Appropriate**

**i) The Court's TRO Provides for Alternate Service of Process**

Plaintiff filed it *ex parte* motion seeking entry of a Temporary Restraining Order that authorized an asset restraint, expedited discovery, and alternative service of process on the Defendants in this case. (ECF No. 11, 12). Plaintiff's memorandum laid out detailed legal analysis and support for service by email and publication. (Id. at 35-39). Plaintiff's motion explicitly discussed the propriety of service on defendants in China. By virtue of this Court's entry of the TRO, it has already found that service of process by email and publication is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections, and that this service was proper under Fed. R. Civ. P. Rule 4(f)(3). Defendants were duly served. The Court therefore has personal jurisdiction.

**ii) This Court as Well as Other Courts in this District and Beyond Have Found Service by Email or Publication Appropriate**

This Court has handled a large number of these types of counterfeiting cases that involve unnamed, unidentified defendants in foreign countries taking advantage of online anonymity to sell counterfeit products to unsuspecting U.S. customers. A cursory review of the Court's docket reveals hundreds of "Schedule A" cases where plaintiffs generally seek to serve defendants via alternate service as opposed to via the Hague Convention, and provide the legal basis to do so in their papers. This Court has time and again found such service proper. See, e.g., *Gabrielle Brianna Delgado v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 1:24-cv-11940, Dkt. 17 entered December 19, 2024 (granting plaintiff's request for service of process by email and/or publication although denying entry of a TRO); *Tv Tokyo*

*Corporation v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified on Schedule A Hereto*, Case No. 1:24-cv-9809, Dkt. 30 entered October 24, 2024 (granting plaintiff's request for TRO including service of process by email and/or publication)[2]; *Designlynx Products LLC v. The Individuals, Partnerships, And Unincorporated Associations Identified on Schedule A*, Case No. 1:24-cv-3575, Dkt. 15 entered May 22, 2024 (granting plaintiff's motion for TRO including service of process by email and/or publication); *Volkswagen Group of America, Inc. v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 1:24-cv-2247, Dkt. 22, 23 entered March 22, 2024 (granting plaintiff's motion for electronic service of process); *Metallica v. The Partnerships And Unincorporated Associations Identified On Schedule A*, Case No. 1:23-cv-15181, Dkt. 17 entered October 30, 2023[3] (same). See Declaration of Angela Nieves, Exhibit 1.

The Court's decision is in step with the overwhelming majority of courts in this District. *Klauber Bros. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 23 C 10407, 2024 U.S. Dist. LEXIS 8397, at *8 (N.D. Ill. Jan. 17, 2024) citing *NBA Properties, Inc. v. P'ship & Unincorporated Ass'n Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd sub nom. NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) (citing cases).

Federal courts in this District and beyond routinely permit alternative service of process notwithstanding the applicability of the Hague Convention. *See Hangzhou Chic Intelligent Tech. Co. v. P'ship & Unincorporated Ass'n Identified on Schedule A*, No. 20 C 4806, 2021 U.S. Dist. LEXIS 64064, 2021 WL 1222783, at *4 (N.D. Ill. Apr. 1, 2021) ("[T]he Court finds that China has not 'objected' to email service, and the Court's order of email service pursuant to Rule 4(f)(3) was appropriate."); *see also In re LDK Solar Secs. Litig.*, 2008 WL 2415186,*2 (N.D. Cal. Jun.

---

[2] The TRO entered at Dkt. 32 is under seal.
[3] The TRO entered at Dkt. 18 is under seal.

12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enters., LLC v. Webcom Media Group, Inc*., *supra*, 225 F.R.D. at 562 (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously embraced within the business community").

As this Court has previously explained, "[a]lternative service is 'neither a last resort or extraordinary relief,' but simply one means of enabling service of process on an international defendant." *Porter*, No. 23 C 1328, 2023 U.S. Dist. LEXIS 209919, at *4, citing *In re Paraquat Prod. Liab. Litig.*, No. 3:21-MD-3004-NJR, 2021 U.S. Dist. LEXIS 196892, 2021 WL 4775284, at *3 (S.D. Ill. Oct. 13, 2021). Service pursuant to Rule 4(f)(3) is appropriate when, for example, "there is a need for speed that cannot be met by following the Hague Convention methods . . . ." *Klauber Bros.,* No. 23 C 10407, 2024 U.S. Dist. LEXIS 8397, at *8. In a case such as this one where the Court's order expired in 14 days, alternate service provided the proper relief. See *NBA Properties*, 549 F. Supp. 3d at 797 ("A speedy method of service in this case was justified to ensure, among other reasons, that the funds gained by the allegedly infringing conduct would be recoverable.").

### iii) Defendants' Arguments Have Previously Been Found Unpersuasive by the Court

This Court has previously considered the arguments made by Defendants' Motion and still ruled that electronic service of process is appropriate. The Court is under no obligation to require that service be performed under Fed. R. Civ. P. Rule 4(f)(1) which mandates that service be performed by an "internationally agreed means of service." Defendants concede that service

on a Defendant in China, in compliance with Fed. R. Civ. P. Rule 4(f)(3), permits service via a form "not prohibited by international agreement." (Mot. at 4). This Court in *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n Identified on Schedule A* agreed, along with most other courts, that "Hague Convention service is optional under Federal Rule of Civil Procedure 4." *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20 C 4806, 2021 U.S. Dist. LEXIS 64064, at *5 (N.D. Ill. Apr. 1, 2021).

Regarding the propriety of service by e-mail, the Motion argues that the Hague Convention does not allow for service by e-mail unless the country in question permits it. (Mot. at 4-7). Defendants in fact contend that, the only "other means" of service of process not prohibited by the Hague Convention that a court may order pursuant to R. Civ. P. Rule 4(f)(3) is limited to means of service allowed under Article 8, Article 9, Article 10, Article 11 and Article 19. (Mot. at 7). But many courts including this Court have analyzed the language of the Hague Convention and found instead that "alternative means of service unmentioned by the Hague Convention are not prohibited if 'the receiving state has not objected to [that alternative form of service]'." *Hangzhou Chic Intelligent Tech.*, 2021 U.S. Dist. LEXIS 64064, at *9-10, citing *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513, 197 L. Ed. 2d 826 (2017). China has not objected to service by e-mail or publication.

Defendants' contention that electronic service is inconsistent with federal treaty also fails because it relies on an interpretation of the Hague Convention that prohibits service by electronic means, and for the same reasons discussed above, this Court and the overwhelming majority of courts in this District have held that service by e-mail is not prohibited. For support, Defendants cite to *Water Splash, Inc. v. Menon*, 581 U.S. 271, 137 S. Ct. 1504 (2017), where the Supreme Court considered the propriety of service on a Canadian citizen by postal mail, and there is no

discussion about service via electronic means. The decision in *Kyjen Co., LLC v. Individuals*, 2023 U.S. Dist. LEXIS 16408 (S.D.N.Y. Jan. 31, 2023) is outside the circuit and relies on the analysis in another out-of-circuit case, *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), whose analysis on this issue this Court has previously rejected. *Klauber Bros.,* No. 23 C 10407, 2024 U.S. Dist. LEXIS 8397, at *8.

Defendants next contend that China has "*specifically*" objected to service via e-mail through its objections to service via postal channels." (Mot. at 8, emphasis in original). But China has only explicitly objected to postal channels, and Defendants' conclusory assertion that these "extend to email" is unpersuasive. The cases cited by Defendants are outlier decisions, i.e. *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, 391 F. Supp. 3d 816 (N.D. Ill. 2019); and two rulings in other circuits*, Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), whose reasoning this Court has **specifically declined to adopt** in *Klauber Bros.,* No. 23 C 10407, 2024 U.S. Dist. LEXIS 8397, at *8, and *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977 (N.D. Cal. 2020), a report and recommendation by a Magistrate Judge that was adopted without analysis by the district judge.

Defendants also state categorically that China "has explicitly stated that its objection to postal service extends to service via e-mail." (Mot. at 10). Defendants attach an unverified screenshot from the FAQ section of the Ministry of Justice of the People's Republic of China website, where someone responds to frequently asked questions. See Exhibit A to the Motion. Question number one asks whether that documents can be directly served on parties in China by "international mail, fax, e-mail, etc." Id. Putting aside that this webpage is unverified and statements made on there are in no way an official objection by the Chinese government to a particular method of service under the Hague Convention, the answer to the question can only be

described as inconclusive. It starts by saying "no." But the answer concludes with this statement: "When China acceded to the Hague Service Convention, it had made a reservation to Article 10 and objected to service in China **by post**." Id. (emphasis added).

Numerous courts have analyzed whether China's objection to postal channels extends to e-mail, and the answer is no. As this Court put it in *Hangzhou*:

> "[T]he majority [of courts] have concluded that a country's objection to [postal service under the Hague Convention] does not equate to an objection to email service." *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, 2020 WL 6364598, at *4; *see also Zanghi v. Ritella*, 2020 U.S. Dist. LEXIS 20279, 2020 WL 589409, at *5 (S.D.N.Y. Feb. 5, 2020) (citing cases); *Jackson Lab'y v. Nanjing Univ.*, 2018 U.S. Dist. LEXIS 13630, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (citing cases); *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 U.S. Dist. LEXIS 204380, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019); *Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, 2020 U.S. Dist. LEXIS 251499, 2021 WL 915662, at *3 (E.D. Pa. Mar. 10, 2021).6 Furthermore, unlike postal service, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention. For these reasons, the Court finds it is inappropriate to interpret China's objections to postal [*11] service under the Hague Convention as encompassing service by email.

*Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20 C 4806, 2021 U.S. Dist. LEXIS 64064, at *10-11 (N.D. Ill. Apr. 1, 2021).

### III.  CONCLUSION

Defendants cite to out-of-circuit rulings where courts found electronic service improper (Mot. at 9-10). The reality is that the better and more voluminous authority supports service by electronic means under Rule 4(f)(3). This Court authorized alternate service in its TRO. This Court has already provided its well-reasoned, detailed analysis in multiple prior cases, and noted that "[t]he overwhelming majority of courts in this district have held [the Hague Convention does not prohibit] service by email on Chinese defendants. *See NBA Properties, Inc. v. P'ship & Unincorporated Ass'n Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd*

*sub nom. NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) (citing cases). Indeed, this Court reached the same conclusion in *Hangzhou Chic Intelligent Tech. Co. v. P'ship & Unincorporated Ass'n Identified on Schedule A*, No. 20 C 4806, 2021 U.S. Dist. LEXIS 64064, 2021 WL 1222783, at *3-4 (N.D. Ill. Apr. 1, 2021)." *Klauber Bros.*, No. 23 C 10407, 2024 U.S. Dist. LEXIS 8397, at *8-9.

The Defendants were served consistent with the Court's order. The Motion to Dismiss should be denied.

| | |
|---|---|
| DATED: January 7, 2025 | Respectfully submitted, |
| | /s/ Angela M. Nieves |
| | ANGELA M. NIEVES |
| | angela.nieves@sriplaw.com |
| | JOEL B. ROTHMAN |
| | joel.rothman@sriplaw.com |

                                            **SRIPLAW, P. A.**
                                            21301 Powerline Road
                                            Suite 100
                                            Boca Raton, FL 33433
                                            561.404.4335 – Telephone
                                            561.404.4353 – Facsimile

                                            and

                                            J. CAMPBELL MILLER
                                            Illinois Bar Number: 6345233
                                            Campbell.miller@sriplaw.com

                                            **SRIPLAW, P.A.**
                                            231 S. Rangeline Rd.
                                            Carmel, IN 46032
                                            561.404.4350 – Telephone
                                            561.404.4353 – Facsimile

                                            *Counsel for Plaintiff Betty's Best, Inc.*